UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ROBERT FRANCISCO,

              Petitioner,

    -against-

BRUCE YELICH, SUPT. BARE
HILL CORRECTIONAL FACILITY,

              Respondent.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 21 2012 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
12-CV-2243 (SLT)

TOWNES, United States District Judge:

    On May 3, 2012, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By order dated May 9, 2012, petitioner was granted thirty (30) days to either: (1) file an affirmation which states that he wishes to have this Court treat the § 2241 petition as a one brought pursuant to 28 U.S.C. § 2254; or (2) withdraw the § 2241 petition rather than having it converted to a petition brought under § 2254.

    On June 4, 2012, petitioner filed an affirmation in which he argued for the application of equitable tolling to the applicable statute of limitations. Upon review of petitioner's affirmation, it is clear that the instant 28 U.S.C. § 2254 petition is not timely, and that the arguments presented in petitioner's affirmation are insufficient to warrant equitable or statutory tolling. Therefore, for the reasons discussed below, the instant petition for a writ of habeas corpus is dismissed as time-barred.

**Discussion**

<u>AEDPA</u>

    Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA" or "Act"), which was signed into law on April 24, 1996, provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997) (§ 2244 applies "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

The one-year period generally runs from the date on which the state criminal judgment becomes final. See 28 U.S.C. § 2244(d)(1). Petitioner alleges that he pled guilty on March 13, 2009. See Affirmation at p. 1. Under New York law, petitioner had thirty (30) days from the date of his conviction to file a notice of appeal to the appropriate appellate court. See N.Y. Crim. Proc. Law § 460.10 (1)(a). Therefore, the judgment of conviction became final on or about April 13, 2009, when the time for filing a notice of appeal to the Appellate Division expired, see Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002), and the statute of limitations for filing a petition for a writ of habeas corpus expired on April 13, 2010, one year after the conviction became final. Because the petition was filed on May 3, 2012, over two years after the limitations period expired, it is barred by 28 U.S.C. § 2244(d) unless tolling is applicable.

Tolling

Statutory tolling under § 2244(d)(2) does not impact the timeliness of the petition in this case. Petitioner states that he filed his motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10 on November 24, 2010. See Affirmation at p. 1. The § 440.10 motion appears to have been denied on November 9, 2011. See Letter from the Appellate Division-Second Department dated March 27, 2012, annexed to Affirmation. Here, the § 440.10 motion, filed on November 24, 2010, has no effect for tolling purposes under § 2244(d)(2) because it was filed after the one-year statute of limitations expired on April 13, 2010. See Doe v. Menefee, 391 F.3d

2

147, 154 (2d Cir. 2004) (a state collateral proceeding commenced after the statute of limitations has run does not reset the limitations period); Smith v. McGinnis, 208 F.3d 13, 16–17 & n.2 (2d Cir. 2000).

Petitioner, relying on the Supreme Court's decision in Padilla v. Kentucky, --- U.S. ----, 130 S.Ct. 1473 (2010), argues that the one-year limitations period provided under 28 U.S.C. § 2244(d)(1) should be equitably tolled because his trial counsel's failure to warn him of the immigration consequences of his guilty plea deprived him of effective assistance of counsel. The Second Circuit has not yet decided whether Padilla applies retroactively. However, the Court finds that to the extent Padilla sets forth a newly recognized constitutional rule of criminal procedure, it should not be deemed retroactive to cases on collateral review. See Rosales v. Artus, No. 10 CV 2742, 2011 WL 3845906, at *8 (E.D.N.Y. Aug. 30, 2011) (holding that Padilla does not apply retroactively) (citing Hamad v. United States, No. 10 CV 5829, 11 CV 550, 2011 WL 1626530 (E.D.N.Y. Apr. 28, 2011)); Ellis v. U.S., 806 F.Supp.2d 538 (E.D.N.Y. June 3, 2011) (same); Hamad v. United States, No. 10 CV 5829, 11 CV 550, 2011 WL 1626530, at *2 (E.D.N.Y. Apr. 28, 2011) (same); but see United States v. Obonaga, No. 10 CV 2951, 2010 WL 2710413, at *1 (E.D.N.Y. Jun. 30, 2010) (noting that it is "unclear if *Padilla* applies retroactively," and that "reasonable jurists have disagreed about whether *Padilla* has retroactive effect").

Moreover, the Court finds that the requirements for application of equitable tolling have not been met in this instance. Equitable tolling is available only if the petitioner shows " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, --- U.S. - - - - , 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Harper v. Ercole, 648

F.3d 132, 136 (2d Cir. 2011); Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011). The determination of whether equitable tolling is appropriate must be made on a case-by-case basis. Holland, 130 S.Ct. at 2563; see also Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010) (recognizing that "equitable procedure demands flexibility in the approach of equitable intervention").

A petitioner seeking equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances ... and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Jenkins, 630 F.3d at 303 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)); Harper, 648 F.3d at 137 (holding that in order to secure equitable tolling, the petitioner must demonstrate that extraordinary circumstances caused him to miss the original filing deadline). Here, on the present record there is no basis for justifying equitable tolling of the one-year limitations period.

## Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred under 28 U.S.C. § 2244(d)(1). A certificate of appealability shall not issue, as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
June 18, 2012